IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELANIE A. MILLER GARRETT,

Plaintiff,

vs.

Case No. 03-1390-JTM

UNITED METHODIST YOUTHVILLE,

RHONDA SLUSHER, PAULA WALSH, and LAURA BOUNDS

Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's Motion for Reconsideration (Dkt. No. 113), which seeks reconsideration of the court's order of October 14, 2004 (Dkt. No. 111), which denied plaintiff's motion for partial summary judgment (Dkt. No. 88) and granted in part and denied in part the summary judgment motion of the defendants (Dkt. No. 90).

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484

(10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The plaintiff cites to no newly discovered evidence. She presents no intervening change in legal authority. Her request that the court "re-examine" (Dkt. No. 114, at 1) its earlier ruling is without merit. It is in fact precisely the sort of attempt at the re-argument of previously submitted issues which may not form the basis of a motion for reconsideration.

The court notes defendants' request in their responsive brief that the court not only deny the motion, but also grant attorney fees and costs for their response. The court will not grant fees and costs to defendants for their response. At the same time, however, in the event plaintiff prevails at trial and seeks to recover attorney fees, the court will not approve any recovery for the fees and costs associated with the clearly legally insufficient Motion for Reconsideration.

IT IS ACCORDINGLY ORDERED this 25th day of January, 2005, that the plaintiff's Motion for Reconsideration (Dkt. No. 113) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE