IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELANIE A. MILLER GARRETT,

          Plaintiff,

vs.                                  Case No. 03-1390-JTM

UNITED METHODIST YOUTHVILLE,
RHONDA SLUSHER, PAULA WALSH, and
LAURA BOUNDS,

          Defendants.

MEMORANDUM AND ORDER

       This matter is before the court on the Motion to Enforce Settlement filed by plaintiff Melanie A. Miller Garrett. Garrett's motion argues that the payment of the proceeds under the settlement violated the settlement terms, since that portion of the proceeds devoted to Garrett's wages included deductions for "backup withholding," deductions larger than those contemplated by the parties in their settlement. Garrett argues that the parties had intended to use the lower rate of deductions generated by Garrett's W-4 authorizations.

       For some time the plaintiff's motion has been held in abeyance at the request of the parties, as they sought to negotiate a voluntary resolution to the dispute. However, the court has now been informed by the parties that further delay would not be productive. Accordingly, the court will rule on plaintiff's request for enforcement.

       Defendant advances two arguments. First, it argues that Garrett is barred by accord and satisfaction from now raising the issue, since she cashed the first two of three checks it issued pursuant to the settlement. Second, it argues that the larger withholding is not a violation of the settlement agreement, since the payments under the agreement were subject to "authorized withholdings," and backup withholding is authorized by the IRS Code. Garrett argues that accord and satisfaction is inapplicable, arguing that the doctrine does not apply where the debt is liquidated

and undisputed, citing *Crumpacker and Crumpacker*, 239 Kan. 183, 185-86, 718 P.2d 295, 298 (1986).

The court finds that Garrett's reliance on *Crumpacker* is unfounded. First, as the *Crumpacker* court noted, the payments were being made pursuant to court-ordered child support. Any notations on the check "cannot supersede or change a court order for the payment of fixed periodic sums of child support." 239 Kan. at 186. No such order is in place here. Second, although the general obligation of the defendant to pay a specific sum was indeed created by the settlement agreement, the exact nature of the "authorized withholdings" to be deducted from the payments is the subject of active, reasonable, and legitimate contention — it is not, in the words of *Crumpacker*, "liquidated and undisputed." See 239 Kan. at 185.

The present dispute is subject to the doctrine of accord and satisfaction, and the court finds that the plaintiff, by cashing two of the three checks tendered by defendant, may not now raise the issue.

IT IS ACCORDINGLY ORDERED this 8th day of December, 2005 that the plaintiff's Motion to Enforce (Dkt. No. 161) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE